IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 16-00160-KD |
| | ) |
| TINQUE RHODES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion for early termination of supervised release filed by Defendant Tinque Rhodes (doc. 29). Upon consideration, and for the reasons set forth herein, the motion is DENIED. [1]

Rhodes pled guilty to Count One of the Indictment charging the offense of felon in possession of a firearm. On January 20, 2017, he was sentenced to a term of imprisonment of 57 months to serve concurrent with a custody sentence imposed by the State of Alabama. Rhodes was released on February 25, 2021, and began his three-year term of supervised release.

Rhodes moves the Court for early termination of supervision (doc. 29). As grounds, he states that he has been "doing everything required" and has "not been in any trouble." Rhodes states he has an opportunity to get a better job, but he cannot do so, if he is on supervised release.

Rhodes' supervising Probation Officer and the United States Attorney agree that Rhodes is not a good candidate for early termination. Contrary to Rhodes' statement in his motion, he

---

[1] No evidentiary hearing is necessary when the district court denies the motion. United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); United States v. Smith, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing United States v. Reagan, 162 Fed. Appx. at 913).

has not met "everything required" of him during supervision. Specifically, he has not maintained steady employment, has not been truthful on monthly reports, and submitted diluted urine tests. Contrary to Rhodes' statement that he has "not been in any trouble", Rhodes was arrested by the State of Alabama for violating the conditions of his state probation. He served 45 days in the Mobile Metro Jail for this offense.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The requisite one-year of supervised release has expired. Therefore, the Court considers the "nature and circumstances of the offense" and Rhodes' "history and characteristics", as well as the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment" …"to afford adequate deterrence to criminal conduct", and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). Upon consideration, the Court finds that Rhodes' non-compliance with conditions of supervision and the relevant factors identified herein weigh in favor of denying his motion for early termination of supervision. Accordingly, the Court is not satisfied that early termination is warranted, 18 U.S.C. § 3583(e)(1), and Rhodes' motion is denied.

**DONE** and **ORDERED** this the 10th day of October 2023.

/s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**